UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ANNE BRYANT,

       Plaintiff,

  -v-                                      No.  14CV5764-LTS-JCF

COMMISSIONER OF SOCIAL SECURITY,
BROADCAST MUSIC INC., JOHN and JANE
DOES 1-10, and ABC CORPORATIONS 1-10,

       Defendants.

--------------------------------------------------------x

       <u>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION</u>

       On July 28, 2014, Plaintiff Anne Bryant ("Plaintiff") filed her initial <u>pro se</u> Complaint in this action, asserting claims against Defendants Commissioner of Social Security ("SSA"), Broadcast Music Inc. ("BMI"), John and Jane Does 1-10, and ABC Corporations 1-10 (collectively, "Defendants") arising from an alleged scheme to defraud Plaintiff of royalties she was owed from her musical compositions.  On September 5, 2014, the case was referred to Magistrate Judge James C. Francis IV for general pre-trial purposes.  On October 20, 2014, SSA answered the Complaint.  (Docket No. 9.)  BMI requested and received extensions of time to answer.  (<u>See</u> Docket Nos. 13-14, 16-17, 19-22.)

       On April 23, 2015, Plaintiff moved for leave to amend her Complaint.  (<u>See</u> Amended Complaint ("Am. Compl."), Docket No. 34.)  In her Amended Complaint, Plaintiff proposes to add three new named parties (William Dobishinski, Thomas Griffin, Jr., and Hasbro Inc. ("Hasbro")) and to substitute "ASCAP Party #2901252" for one of the original Complaint's John Doe defendants.  (<u>See</u> Docket No. 34.)

In response to Plaintiff's motion for leave to amend, on April 29, 2015, Judge Francis entered an Order requiring Defendants to respond to the motion or move to dismiss the Amended Complaint. (Docket No. 35.) Both defendants responded by filing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and neither defendant opposed Plaintiff's motion for leave to amend. (See Docket No. 38-39 (BMI), 40-41 (SSA)). The motions to dismiss were referred to Judge Francis for a report and recommendation. (Docket No. 42.)

On July 22, 2015, Judge Francis issued a Report and Recommendation (the "First Report"). (Docket No. 54.) On August 5, 2015, BMI filed its Objection to the First Report. (Docket No. 55.) On August 6, 2015, Judge Francis entered an Order stating that BMI's Objections would be considered a motion for reconsideration, which was granted, and withdrew and vacated the First Report. (Docket No. 56.)

On August 17, 2015, Judge Francis issued a Report and Recommendation (the "Second Report"). (Docket No. 58.) The Second Report recommends, inter alia, that: (1) Plaintiff's motion for leave to amend be granted, (2) SSA and BMI's motions to dismiss be granted, and (3) the remaining claims against new defendants named in the Amended Complaint be dismissed sua sponte. (See Docket No. 58.) On September 3, 2015, Plaintiff filed objections to the Second Report in its entirety, requesting that the Court: (1) grant Plaintiff's motion for leave to amend, and (2) deny both SSA and BMI's motions to dismiss, and (3) permit Plaintiff to serve her Amended Complaint on the proposed new defendants.[1] (See Plaintiff's Comments and

---

[1] Plaintiff also requests that the Report be amended to strike certain of Judge Francis' characterizations of her claims. The Court finds no impropriety in Judge Francis' recitation of the claims and underlying facts. In particular, nothing in the Report impugns the honesty of the deceased Anne M. Bryant or posits that Plaintiff is seeking to recover royalties to which she was not entitled.

Plaintiff further objects to Judge Francis' withdrawal of his initial Report and

Objections ("Pl. Objections"), Docket No. 59, and Docket No. 60.)

The Court has carefully reviewed the Second Report, and the parties' submissions, including Plaintiff's objections and, for the following reasons, the Court adopts the Report and grants Plaintiff leave to replead certain of her claims against BMI and the new defendants.

## Background

The following facts are taken from Plaintiff's Amended Complaint unless otherwise noted. The Plaintiff is a composer and songwriter who licenses her music for use in broadcast media. (Am. Compl. ¶ 4.) Defendant BMI is a performance rights organization that collects royalty payments from licensees of musical works and distributes those royalties to the songwriter or owner of the work. (Id. ¶ 9.)

In 1985, BMI's internal records for Plaintiff were modified to contain an incorrect Social Security Number ("SSN"). (Id. ¶ 1(a).) Plaintiff's correct SSN ends in 8567, while BMI's records for Plaintiff contained an otherwise-identical SSN ending in 8867. (Id.) BMI was notified by the Internal Revenue Service ("IRS") in 1990 and 1991 of the error in Plaintiff's SSN on the Form 1099 tax documents, but did not file corrected 1099s, nor did BMI notify Plaintiff that her confidential records had been compromised. As a result, Plaintiff did not discover that her royalties had been stolen. (Id. ¶ 11.)

Plaintiff alleges that the error in the SSN in BMI's files was the result of an

---

Recommendation and the issuance of the Second Report and Recommendation, which recommends disposition on the merits of Plaintiff's common law and state statutory claims. There was no impropriety in the issuance of the second Report; the Court has considered Plaintiff's objections to the content of that Report in making the determinations set forth in this Memorandum Order.

intentional and unauthorized modification made by Defendant William Dobishinski.  (Id. ¶ 14.) Mr. Dobishinski, an attorney, was responsible for registering musical works with BMI.  (Id.) Mr. Dobishinski was hired to administer musical licenses for two companies owned by Defendant Thomas Griffin, Jr., as well as Hasbro Inc.  (Id. ¶¶ 20-21.)  According to the Amended Complaint, Mr. Dobishinski collaborated with Ford Kinder, a former business partner of Plaintiff who is not a named party in the Amended Complaint, to redirect Plaintiff's royalties to a different account in BMI's records under the name of a different person, one Anne Marie Bryant.  (Id. ¶ 14.)  Anne Marie Bryant is credited as the composer of certain of Plaintiff's works in BMI's records.  (Id.)  Anne Marie Bryant is also identified in records maintained by the American Society of Composers, Authors, and Publishers ("ASCAP") as the "Target Party" for Defendant ASCAP Party #2901252.  (Id.)

In 1992, Plaintiff was assessed taxes by California for tax year 1989 that were based on an income of $546,836.67.  (Id. ¶ 2(a).)  Plaintiff, however, earned only $373,190.48 in 1989.  (Id. ¶ 2(b).)  Plaintiff states that she became aware of her actual 1989 earnings when she received information from BMI in 2013.  (Id.)  Plaintiff alleges that the difference between these figures – $173,646.19 – relates to income for Plaintiff's works that BMI attributed to the incorrect 8867 SSN.  (Id. ¶ 2(c).)

In her Amended Complaint, Plaintiff seeks an order directing the SSA to provide her with copies of Forms 1099 issued by BMI under the allegedly altered Social Security number, asserts fraud and negligence causes of action against BMI and seeks to recover millions of dollars in damages against BMI in connection with the allegedly stolen royalties and the diminution of Plaintiff's Social Security benefits as a result of under-reporting of royalty income that should have been taken into account in computing Plaintiff's Social Security benefits, and

asserts causes of action against Dobishinsky, Griffin and Hasbro for misappropriation of name, larceny, embezzlement, mail fraud, and conversion.

## DISCUSSION

*Plaintiff's Motion for Leave to Amend*

Plaintiff's motion for leave to amend her complaint (Docket No. 34) is unopposed by SSA and BMI, the two defendants who have been served and appeared in this matter (see Docket Nos. 39, 41). Plaintiff's motion for leave to amend is hereby granted, and the motions to dismiss by SSA and BMI will therefore be treated as motions to dismiss the Amended Complaint. (See Docket No. 35.)

*Standard of Review*

When reviewing a magistrate judge's report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012). Absent a specific objection, or where a party objects to the report and recommendation, but only reasserts arguments that were advanced before the magistrate judge in the underlying motion practice, the Report is reviewed for clear error. Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

However, where specific objections are made, the Court must make a de novo determination as to those aspects of the report. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). In making its de novo determination of a matter specifically objected to, a district judge "has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation." Vaccariello v. XM Satelite Radio Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013).

Plaintiff's Objections

*Subject Matter Jurisdiction of State Law Claims*

Plaintiff's initial Complaint premised subject matter jurisdiction on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a).  (Docket No. 1, ¶ 4.)  Plaintiff's Amended Complaint relies instead on 28 U.S.C. § 1331, which establishes subject matter jurisdiction of cases involving federal questions.  (Am. Compl. ¶ 25.)  In his original Report and Recommendation, Judge Francis recommended that Plaintiff's federal claims be dismissed and that the Court decline to exercise supplemental jurisdiction of Plaintiff's state law claims.  Following BMI's proffer, in an objection to that Report, of information substantiating the existence of diversity jurisdiction, Judge Francis issued the Second Report, which recommends that the Court dismiss all of Plaintiff's claims on the merits.  While Plaintiff objects to the recognition and exercise of diversity jurisdiction, she does not dispute BMI's proffers as to its state citizenship and the diversity of the citizenship of all of the named defendants from Plaintiff's state citizenship.  Nothing precludes the Court from exercising diversity jurisdiction based on the uncontested factual proffers.  Accordingly, after de novo review, Plaintiff's objection to consideration of the merits of the state and common law claims is overruled.

*Defendant SSA's Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted, the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).  A court is not required, however, to accept "conclusory statements" made by the plaintiff as true, nor do "legal conclusion[s] couched as

factual allegation[s]" merit such deference. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). If the plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

A pro se plaintiff is afforded greater leniency in meeting these requirements. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008). However, a pro se complaint may still be dismissed where the plaintiff has failed to meet the minimum pleading requirements required by the Federal Rules of Civil Procedure. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

Plaintiff's Amended Complaint seeks an order requiring Defendant SSA to produce to Plaintiff certain documents relating to Anne Marie Bryant and the 8867 SSN. (Am. Compl. ¶ 7.) Plaintiff objects to the Second Report's recommendation that her cause of action against the SSA for an order requiring the disclosure of the allegedly mismatched Forms 1099 be dismissed for failure to exhaust her administrative remedies. This objection includes arguments directed specifically to Judge Francis' analysis, and the Court has reviewed the corresponding aspects of the Second Report de novo.

Plaintiff bases her claim of entitlement to the Forms 1099 on 5 U.S.C. § 552a(b)(11), a provision of the Privacy Act that authorizes federal agencies to disclose otherwise confidential records "pursuant to the order of a court of competent jurisdiction."

5 U.S.C.S. § 522a(b)(11) (LexisNexis 2014).

The Privacy Act does not, however, afford a civil litigant the right to a judicial determination of entitlement to the requested records prior to the exhaustion of administrative remedies at the agency level.  The long-settled jurisprudential exhaustion doctrine establishes that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938).  Here, as detailed in the Second Report, the SSA has promulgated regulations that govern requests for access to a record.  See 20 C.F.R. § 401.40(c).  However, Plaintiff has not plead exhaustion of those administrative remedies, as required prior to bringing them before this Court.  See Cross v. Potter, No. 09 CV 1293, 2013 WL 1149525, at *9 (N.D.N.Y. Mar. 19, 2013) (holding that Privacy Act claims "require a proper pleading that Plaintiff exhausted administrative remedies prior to bringing such claims before this Court").

Accordingly, Plaintiff's Privacy Act claim against the SSA is dismissed, without prejudice to renewal following the exhaustion of administrative remedies.  Plaintiff's claims against the SSA are dismissed on the merits to the extent they are premised on 26 U.S.C. § 6103(e) and 18 U.S.C. § 242, for the reasons stated in Judge Francis' thorough Second Report.

*Defendant BMI's Motion to Dismiss*

Plaintiff's Amended Complaint raises two claims against Defendant BMI: (1) gross negligence, and (2) fraudulent concealment.  BMI moves to dismiss both claims on the grounds that: (1) the respective statutes of limitations have run, and (2) Plaintiff fails to state a claim under either legal theory.

The Second Report concludes that a proper basis for BMI's statute of limitations

defense appears on the face of Plaintiff's complaint (Second Report, at 27-28), and therefore recommends that BMI's motion to dismiss be granted. This argument was raised by BMI in its motion to dismiss (Docket No. 39, at 5-7), but was not responded to by Plaintiff in her opposition to the motion. Plaintiff's attempt to address this issue for the first time in her Objections is unavailing. See Robinson v. Keene, No. 92 CV 6090, 1999 WL 459811, at *2 (S.D.N.Y. June 29, 1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge."); see also Grant v. Shalala, No. 93 CV 124, 1995 WL 322589, at *2 (W.D.N.Y. Mar. 13, 1995) ("Were this Court to consider the plaintiff's Objections, the Magistrate's Act would essentially be circumvented. Such circumvention would allow every party to simply decline to present his or her case before a Magistrate Judge, await the result of that adjudication and, thereafter and only if necessary, expend the resources needed to file objections in the District Court.").

      The Court therefore reviews this aspect of the Second Report for clear error. See Vega, 2002 WL 31174466, at *1. Having carefully reviewed the Second Report, the Court finds no such error in Judge Francis' conclusion that Plaintiff's claims against BMI, as pleaded in the Amended Complaint, are barred by the applicable statutes of limitations.[2] Accordingly, BMI's motion to dismiss the Amended Complaint is granted. However, as the recommendation for dismissal of the fraud claim as untimely is predicated in part upon the absence of factual allegations providing a basis for delayed accrual of the fraud claim, and Plaintiff's Amended Complaint also fails to meet the fraud pleading requirements of Federal Rule of Civil Procedure

---

[2] The Second Report also concludes that the Amended Complaint fails to state a claim upon which relief could be granted, even if the applicable statutes of limitations had not run. Second Report, at 24-27, 32-33. In light of the Court's conclusion that the statute of limitations determination was not erroneous, the Court will not address the merits of Plaintiff's claims against BMI.

9(b), Plaintiff will be given leave to file a Second Amended Complaint, repleading her fraud claim against BMI to address the deficiencies identified in the Second Report.

*Claims Against Defendants Dobishinski, Griffin, Hasbro, and ASCAP Party #2901252*

The Amended Complaint names four new Defendants: Dobishinski, Griffin, Hasbro, and ASCAP Party #2901252. The Amended Complaint asserts four causes of action against Defendant Dobishinski: (1) misappropriation of name, (2) larceny by trick, (3) embezzlement, (4) mail fraud, and (5) conversion. (Am. Compl. ¶ 15.) The Amended Complaint asserts that Griffin and Hasbro are vicariously liable for Mr. Dobishinski's actions. (Id. ¶ 22-24.)

The Second Report recommends sua sponte dismissal of the claims against these four defendants, who have not been served and have not appeared in this action, on the grounds that there is a "clear failure to state a claim upon which relief can be granted." (Second Report, at 36 (quoting Cook v. Bates, 92 F.R.D. 119, 122) (S.D.N.Y. 1981).) Plaintiff objects specifically to the proposed sua sponte dismissals. The Court has therefore reviewed this aspect of the Second Report de novo.

The Court has the power to dismiss a cause of action sua sponte where a complaint fails to state a cognizable claim on its face. See, e.g., Shahid v. Ridgewood-Bushwick Senior Citizen Council, Inc., 112 Fed. App'x 803 (2d Cir. 2004) (upholding dismissal sua sponte). For the following reasons, Plaintiff's Amended Complaint on its face fails to state a claim for which relief can be granted against Dobishinski, Griffin, Hasbro, and ASCAP Party #2901252, and dismissal sua sponte is therefore appropriate. However, because certain of the claims, read liberally, suggest possibly viable common-law claims, the dismissal of these claims

will be without prejudice, and Plaintiff will be given leave to file and serve a Second Amended Complaint repleading those claims.

*Misappropriation of Name*

The Amended Complaint alleges that Mr. Dobishinski, and through him Griffin and Hasbro, misappropriated her name in the course of the alleged scheme to defraud. (Am. Compl. ¶ 15.) Under New York law, torts relating to invasion of privacy are codified in New York Civil Rights Law sections 50 and 51, which prohibit "the use of a living person's name, portrait or picture for 'advertising' or 'trade' purposes without prior written consent." Howell v. N.Y. Post Co., 81 N.Y.2d 115, 123 (1993). These statutory provisions eliminate any "common law right of privacy in New York," Netzer v. Continuity Graphic Assocs., Inc., 963 F.Supp. 1308, 1325 (S.D.N.Y. 1997) (citing DeGregorio v. CBS, Inc., 473 N.Y.S.2d 922, 923 (Sup. Ct. 1984)), including the common law tort of misappropriation of name. Plaintiff's claim, construed as one asserted under New York law, fails because the substance of her allegation is that her name was <u>not</u> used on certain documents, which were instead issued in the name of Anne Marie Bryant. (Pl. Objections, 14-15.) The Amended Complaint thus fails to state a viable claim for misappropriation of Plaintiff's name.

*Larceny by Trick, Embezzlement, and Mail Fraud*

Plaintiff also asserts claims against Mr. Dobishinski for larceny by trick, embezzlement, and mail fraud. (Am. Compl. ¶¶ 16-19.) Under New York law, larceny (including larceny by trick) and embezzlement are crimes defined by New York Penal Law § 155.05. New York law does not provide civil causes of action for either of these offenses. See Cohain v. Klimley, No. 08 CV 5047, 2011 WL 3896095, at *4 (S.D.N.Y. Aug. 31, 2011); Montalvo v. J.P. Morgan Chase & Co., No. 4221/09, 2009 WL 4893939, at *6 (N.Y. Sup. Ct.

Dec. 18, 2009) ("[C]riminal offenses such as larceny, which are specifically defined in the Penal Law, may not be pleaded as separate causes of action in a civil action").

Similarly, mail fraud is a federal crime defined by 18 U.S.C. § 1341. There is no civil cause of action for mail fraud. <u>Sua</u> <u>sponte</u> dismissal of these claims is, accordingly appropriate. See <u>Pharr v. Evergreen Garden, Inc.</u>, 123 Fed. App'x 420, 422 (2d Cir. 2005).

*Conversion*

The Amended Complaint states that Plaintiff "cannot allege an exact amount of money" that is the subject of her conversion claim. (Am. Compl. ¶ 18.) A claim for conversion, however, requires that Plaintiff identify "a particular and definite sum of money." <u>Newbro v. Freed</u>, 409 F. Supp. 2d 386, 395 (S.D.N.Y. 2006); <u>see</u> <u>also</u> <u>Krasner v. Rahfco Funds LP</u>, No. 11 CV 4092, 2012 WL 4069300, at *10 (S.D.N.Y. Aug. 9, 2012). The conversion claim is thus insufficient and must be dismissed.

*Vicarious Liability of Griffin and Hasbro*

The Amended Complaint alleges that Griffin and Hasbro are vicariously liable for Mr. Dobishinski's actions. (Am. Compl. ¶ 22.) Setting aside whether the doctrine of vicarious liability is appropriate in this case, it is well-settled that dismissal of claims against a servant requires dismissal of those claims against his alleged master. See <u>Karaduman v. Newsday, Inc.</u>, 51 N.Y.2d 531, 545-46 (1980). Here, Plaintiff fails to state claims against Griffin and Hasbro because her claims against Dobishinski are not legally viable.

*Leave to Replead*

Although Plaintiff fails to state a legally viable claim against Dobishinski, Griffin, or Hasbro in her Amended Complaint, the Court, construing her claims with the greater leniency afforded to <u>pro</u> <u>se</u> parties, recognizes that Plaintiff alleges facts that might give rise to liability

under alternative theories, such as common-law fraud, breach of contract, or unjust enrichment. See, e.g., Baron v. Pfizer, Inc., 820 N.Y.S.2d 841 (N.Y. App. Div. 2006) (setting forth the elements and pleading requirements of common-law fraud and unjust enrichment in New York). Plaintiff will therefore be granted leave to file a Second Amended Complaint in which she may replead her claims against the new defendants identified in the Amended Complaint as common-law claims.

*ASCAP Party #2901252*

The Amended Complaint raises no specific legal claims against ASCAP Party #2901252, stating merely that it is the "beneficiary of Plaintiff's royalties."  (Am. Compl. ¶ 24.) Plaintiff raises no specific or identifiable claim (in tort or otherwise) against this defendant and, to the extent that such claims would mirror the claims discussed above, the claims would fail for substantially the reasons already explained.  The Amended Complaint will therefore be dismissed against ASCAP Party #2901252.

CONCLUSION

For the foregoing reasons, the Second Report is adopted and the motions before the Court are, accordingly, resolved as follows:

Plaintiff's motion for leave to amend her complaint (Docket Nos. 34 and 61) is granted, and the Amended Complaint is substituted for the original Complaint.

SSA's motion to dismiss the complaint (Docket No. 38) is granted, without prejudice to renewal of the Privacy Act claim following the exhaustion of administrative remedies.

BMI's motion to dismiss the complaint (Docket No. 40) is granted, without prejudice to repleading of the fraudulent concealment claim.

The claims against Dobishinski, Griffin, and Hasbro are dismissed <u>sua</u> <u>sponte</u>, without prejudice to repleading the claims as common-law claims. The claims against ASCAP Party #2901252 are also dismissed <u>sua</u> <u>sponte</u>, without prejudice to the repleading of claims, if any, in a manner identifying the nature and factual basis of the claims against that defendant.

Plaintiff must file any Second Amended Complaint by **December 18, 2015**, and the Clerk of Court is authorized to issue summonses for new defendants Dobishinski, Griffin, and Hasbro in connection therewith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

This case remains referred to Magistrate Judge Francis for general pretrial management.

This Order resolves Docket Entries No. 34, 38, 40, and 61.

SO ORDERED.

Dated: New York, New York
November 5, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Plaintiff Anne Bryant, <u>pro</u> <u>se</u>
2601 Jefferson Circle
Sarasota, FL 34239