UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ANNE BRYANT,

        Plaintiff,

      -v-                                        No.  14 CV 5764-LTS-JCF

COMMISSIONER OF SOCIAL SECURITY,
et al.,

        Defendants.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

On November 5, 2015, this Court adopted a report and recommendation by Magistrate Judge Francis and dismissed the then-operative First Amended Complaint (docket entry no. 34 ("FAC")) by Plaintiff Anne Bryant, pro se, but permitted Plaintiff to replead certain of her claims.  See Bryant v. Comm'r of Social Security, No. 14 CV 5764, 2015 WL 6758094 (S.D.N.Y. Nov. 5, 2015).  Thereafter, on December 17, 2015, Bryant filed her Second Amended Complaint.  (Docket entry no. 66 ("SAC").)  Defendants Broadcast Music, Inc. ("BMI") and Hasbro, Inc. ("Hasbro") have moved to dismiss the SAC.

In January 2017, Plaintiff submitted two applications for orders to show cause directed at BMI and Hasbro.  (Docket entry nos. 114 and 116.)  The Court denied these applications in light of the pending motions to dismiss.  (Docket entry no. 115.)  Plaintiff thereafter submitted a letter, which the Court construes as a motion for reconsideration, asserting that her applications for orders to show cause should be granted regardless of the outcome of the motions to dismiss.  (Docket entry no. 118.)

The Court has carefully reviewed the submissions of all parties, and for the

following reasons, grants both BMI and Hasbro's motions to dismiss, and dismisses the SAC as

against the remaining named defendant, William Dobishinski, <u>sua</u> <u>sponte</u>.  Because the SAC will

therefore be dismissed in its entirety, the Court denies Plaintiffs' motion for reconsideration of

the Court's denial of her applications for orders to show cause.


<u>B</u>ACKGROUND

The relevant and extensive factual background for this case is fully described in

this Court's prior opinion and in Magistrate Judge Francis' prior Report and Recommendation.

<u>Bryant</u>, 2015 WL 6758094, at *2, *8-10.  The following is a summary of the facts relevant to

resolution of the instant motions.

Plaintiff Anne Bryant is a composer and songwriter who has licensed her work

for use in broadcast media.  (SAC ¶ 3.)  Defendant BMI is a performance rights organization that

collects royalty payments from licensees of musical works and distributes those royalties to the

songwriter or owner of the work.  (SAC ¶ 5.)  Defendant Hasbro develops various entertainment

properties and licenses musical works, including Plaintiff's, for use in television shows and

movies.  (SAC ¶¶ 9-10.)

In a 1971 internal BMI document, Plaintiff's Social Security Number ("SSN")

was recorded incorrectly as ending in -8867, when Plaintiff's correct SSN ends in 8567.  (SAC

Ex. A & B; ¶ 13.[1])  On October 15, 1991, BMI sent Plaintiff a letter stating that the IRS had

informed BMI of this error and discrepancy.  (SAC Ex. C (the "1991 Letter").)  The 1991 Letter

refers to an earlier, October 1990, letter that discussed the same discrepancy.  (<u>Id.</u>)  In the 1991

---

[1]       Plaintiff alleges in a conclusory fashion that this document is "forged", but provides
no support for this assertion.  Indeed, Plaintiff's claims rest on the premise that BMI
did, in fact, record her SSN incorrectly.

Letter, BMI relayed advice from the IRS about correcting the error and provided a telephone number for Plaintiff to contact BMI with further questions.  (Id.)  Plaintiff alleges that her Form 1099s from BMI contained an incorrect SSN through 1992, and that her income was therefore not fully credited to her SSN for purposes of later calculating her Social Security benefits.  (SAC ¶ 29-31.)  Based on these facts, Plaintiff alleges that BMI was negligent in their record keeping and control over Plaintiff's personal information, fraudulently concealed the change in Plaintiff's SSN, and engaged in a conspiracy in furtherance of that fraudulent concealment.  (SAC ¶¶ 65, 67, 68.)

Plaintiff also alleges that, beginning in 1985, BMI mailed Plaintiff's Form 1099s containing the incorrect SSN to Defendant Dobishinski, an attorney hired by Defendant Griffin to administer Griffin's publishing catalogues.  (SAC ¶¶ 6, 23.)  Plaintiff alleges that this was done pursuant to a power of attorney (SAC Ex. O) she claims was forged.  (SAC ¶ 23.)  Plaintiff claims that, due to the use of an incorrect SSN, Plaintiff's royalty income was not credited to her by Dobishinski from 1985 to 1992.  (SAC ¶ 31.)

Separately, Plaintiff alleges that BMI misattributed certain of Plaintiff's works to accounts in the name of "Anne Marie Bryant," which Plaintiff asserts was used to misdirect royalties to which Plaintiff was entitled.  (SAC ¶ 54.)  Plaintiff alleges that this misattribution occurred in approximately 1985.  (Id.)  Plaintiff also alleges that, since 1990, she has received royalties for background cues, but not for "themes and feature songs," because those (more lucrative) works are registered to "Anne Marie Bryant" rather than Plaintiff.  (SAC ¶ 57.)

Additionally, Plaintiff alleges that she produced musical works for Thomas

Griffin[2] and his company Sunbow Productions Inc. ("Sunbow"), which held the copyright in Plaintiff's productions pursuant to an agreement the SAC terms the "JEM Agreement."  (SAC ¶ 81 & Ex. S.)  Plaintiff alleges that the JEM Agreement is invalid because it was signed by Sunbow and "Kinder & Bryant Ltd." – a company Plaintiff claims does not exist.  (SAC ¶¶ 52-54.[3])  Plaintiff alleges that Dobishinski was the "Administrator" for Griffin.  (SAC ¶ 54.)  Plaintiff alleges that she was not paid fees required by the JEM Agreement (SAC ¶ 55(g)) and further alleges that this constituted copyright infringement (SAC ¶ 55(f)).

Plaintiff alleges that Hasbro is vicariously liable for all of Dobishinski's actions based on a contract between Hasbro and Dobishinski.  (SAC ¶ 79.)  As against Dobishinski, and against Hasbro through the doctrine of respondeat superior, Plaintiff alleges claims for fraudulent concealment, conversion, conspiracy, and copyright infringement as conversion.  (See SAC ¶¶ 37-63.)

## DISCUSSION

When considering a motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).  In addition, in evaluating the legal sufficiency of a pro se plaintiff's claims, a court may rely on factual allegations and other materials submitted with the plaintiff's

---

[2]   Plaintiff has voluntarily dismissed this action as against Griffin.  (Docket entry no. 86.)

[3]   The SAC contains two sections with paragraph numbers 53-55.  The first such section (on page 17) is not referred to in this opinion; all citations to these paragraph numbers refer to the section on pages 26-28 of the SAC.

opposition papers, as long as they are consistent with the allegations in the complaint.  See Vlad–Berindan v. MTA New York City Transit, No. 14 Civ. 675, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 9, 2014).  The plaintiff's submissions need not contain detailed factual allegations, but must contain more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Where the factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint must be dismissed.  Id. at 679 (citing Fed.R.Civ.P. 8(a)(2)).  Submissions of pro se litigants are held to less stringent standards than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  The pleadings and submissions of a pro se party are read "to raise the strongest arguments that they suggest."  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  Even after Iqbal, which imposed heightened pleading standards for all complaints, pro se complaints are still to be liberally construed.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.  See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir.1997).

Defendant BMI's Motion to Dismiss

In this Court's prior opinion, Plaintiff was given leave to re-plead her claims against BMI solely to provide a basis for the delayed accrual of those claims.  In New York, "fraud-based action[s] must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or 'could with reasonable diligence have discovered it.'"  Sargiss v. Magarelli, 12 N.Y.3d 527, 532 (2009) (quoting CPLR § 213(8)).

Because the statute of limitations is an affirmative defense, a plaintiff is not generally required to establish that her action is timely in her complaint.  See BPP Illinois, LLC v. Royal Bank of Scotland Group PLC, 603 F. App'x 57, 59 (2d Cir.2015).  However, "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  Ellul v. Congregation of Christian Brothers, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

Here, Plaintiff attached a letter from BMI in 1991 that informed her of the SSN mismatch on which she predicates her claims against BMI.  This plainly establishes that Plaintiff should have known of this issue in 1991, and her claims were therefore time-barred as of October 1993.  Plaintiff's sole allegation in opposition to this analysis is that the 1991 Letter did not fully appraise Plaintiff of the seven year period during which BMI had been incorrectly reporting Plaintiff's SSN.  (See docket entry no. 72, Plaintiff's Memorandum in Opposition, at 4.)  This argument is unavailing.  The relevant inquiry is whether "the plaintiff was 'possessed of knowledge of facts from which the fraud could be reasonably inferred.'"  Sargiss, 12 N.Y.3d at 532 (quoting Erbe v. Lincoln Rochester Trust Co., 3 N.Y.2d 321, 326 (1957) (internal alterations omitted)).  The 1991 Letter plainly put Plaintiff on notice of the mismatch in the SSN BMI was using to report her income, which is the basis for Plaintiff's claim that her income was not properly attributed to her SSN.

Plaintiff's claims against BMI for fraudulent concealment relating to the alleged misattribution of certain works to "Anne Marie Bryant" (which claim also includes allegations against Dobishinski) is also time-barred.  Plaintiff alleges that the misattribution in question took place in 1985, and that Plaintiff received allegedly incomplete royalty payments starting in 1990.  Plaintiff has alleged no facts that would support tolling of the statute of limitations beyond 1990, when she alleges that she began receiving incomplete payments, and accordingly her claims

were time-barred after 1992 (two years from discovery).

Plaintiff's claims for fraudulent concealment against BMI are therefore dismissed as untimely, which result also requires dismissal of Plaintiff's conspiracy claim against BMI, which is predicated on the fraudulent concealment.  (SAC ¶ 49.)  See Schlotthauer v. Sanders, 545 N.Y.S.2d 197, 199 (2d Dep't 1989) ("[C]onspiracy is not an independent tort, and is time-barred when the substantive tort underlying it is time-barred.").  This Court's prior opinion dismissed Plaintiff's negligence claim with prejudice, because the statute of limitations for negligence had unquestionably run.  Accordingly, BMI's motion to dismiss the SAC is granted in its entirety.

Defendant Hasbro's Motion to Dismiss

Hasbro also moves to dismiss the SAC on the ground that Plaintiff's claims are barred by the applicable statutes of limitations.  Plaintiff's claims against Hasbro, which is alleged to be vicariously liable for the acts of Dobishinski, are: (1) fraudulent concealment, (2) conversion, (3) conspiracy in furtherance of fraudulent concealment, and (4) copyright infringement as conversion.

As discussed above, the statute of limitations for fraud, and for conspiracy when the underlying tort is fraud, is six years.  Plaintiff's fraud claims against Hasbro are based on the same allegations that Plaintiff's SSN was entered incorrectly on tax forms from 1985 through 1992, an error brought to Plaintiff's attention by the 1991 Letter.  Accordingly, for substantially the reasons stated above, Plaintiff's claims against Hasbro for fraud and conspiracy are time-barred.

The statute of limitations in New York for conversion is three years.  N.Y.

C.P.L.R. § 214.  The statutory period begins running as of the date of the tort, not as of the date

of discovery.  Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tx., 87 N.Y.2d 36,

44 (1995).  Plaintiff's conversion claim is predicated on royalties allegedly improperly retained

by Dobishinski from 1985 through 1992.  Accordingly, Plaintiff's claim for conversion accrued

in 1992, at the latest.  Plaintiff's arguments that the limitations period should be tolled due to the

continuing wrong doctrine or eliminated entirely because of underlying fraudulent concealment

are unavailing.  The continuing wrong doctrine applies where there continuing unlawful acts, not

continuing harm from unlawful acts.  See, e.g., Doukas v. Ballard, 972 N.Y.S.2d 143, at *5

(N.Y. Sup. Ct. May 1, 2013).

Here, Plaintiff's allegations of continuing wrongs would, at most, toll the statute

of limitations for her 1985 allegations through the conduct in 1992, but Plaintiff alleges no

additional wrongs after 1992 that could extend the limitations period.  Similarly, Plaintiff's

reliance on Faison v. Lewis, 25 N.Y.3d 220 (2015), is misplaced.  In Faison, a forged deed was

held to be void, and the statute of limitations therefore inapplicable, because a forgery has no

legal effect.  Id. at 224.  Here, although the SAC is replete with allegations of forgery, Plaintiff

does not seek to void the documents she claims were forged, and indeed states no contract claims

at all.  Rather, Plaintiff claims that forged documents were used to further the conversion of her

money.  In such cases, the three-year statute of limitations for conversion applies.  See Hechter

v. N.Y. Life Ins. Co., 46 N.Y.2d 34 (1978) (holding that a cause of action styled as conversion

premised on forged documents is subject to the three-year statute of limitations).  Because

Plaintiff's claim accrued in 1992, her claim for conversion is untimely.[4]

---

[4]     This result would therefore obtain even if Plaintiff styled this cause of action as one
for breach of contract, which has a six-year statute of limitations.

Plaintiff's final cause of action against Hasbro relates to the allegations of copyright infringement arising out of the JEM Agreement.  Plaintiff's allegations in the SAC, however, do not allege copyright infringement.  "To maintain an action for copyright infringement, plaintiff must establish two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  HarperCollins Publishers LLC v. Open Road Integrated Media, LLP, 7 F. Supp. 3d 363, 379 (S.D.N.Y. 2014).  Nowhere in the SAC does Plaintiff allege that she owns the copyrights in question; indeed, the SAC repeatedly states that the copyrights are owned by Sunbow.  (SAC ¶¶ 81, 55(c).)  Nor does Plaintiff allege any copying of copyrighted works.  Her claim is that money allegedly owed to her by Griffin and Sunbow was not paid to her under the terms of the JEM Agreement, and is thus a claim for breach of contract or conversion.  Plaintiff has expressly stated this claim as one for conversion, in both the SAC (page 20), and her submission in opposition to the instant motion (docket entry no. 100) expressly disclaims a breach of contract action (id. at p. 24).  Accordingly, for the reasons discussed above, this conversion claim is also subject to a three-year statute of limitations.  Because Plaintiff alleges no acts by Dobishinski after 1992, and because Hasbro's liability is solely alleged to flow through Dobishinski, the conversion claim based on the JEM Agreement is time-barred.[5]

Plaintiff's claims against Hasbro are therefore untimely, and Hasbro's motion to dismiss is granted.

---

[5]   As noted above, Plaintiff's claims would also be time-barred were they styled as claims for a breach of contract, with its longer six-year statute of limitations, because of the 1992 accrual date.

<u>Plaintiff's Claims Against Dobishinski</u>

The Court has the power to dismiss a cause of action <u>sua</u> <u>sponte</u> where a complaint fails to state a viable claim on its face.  <u>See, e.g.</u>, <u>Shadid v. Ridgewood-Bushwick Senior Citizen Council, Inc.</u>, 112 F. App'x 803 (2d Cir. 2004).  As explained above, all of Plaintiff's claims against Dobishinski are time-barred for reasons that are made plain by Plaintiff's SAC and its exhibits.  Accordingly, the SAC is dismissed as against Dobishinski <u>sua sponte</u>, and Bryant's request to seek judgment by default (docket entry no. 117) is denied.

<u>Plaintiff's Motion for Reconsideration</u>

As discussed above, Plaintiff's claims for money damages against all named defendants are dismissed.  Plaintiff's applications for orders to show cause, which sought preliminary injunctions directed to BMI and Hasbro, were denied during the pendency of Defendants' motions to dismiss.  As to BMI, Plaintiff's application requests an injunction requiring BMI to "make corrections to misinformation" in various records relating to the "Anne Marie Bryant" misattribution discussed above.  As to Hasbro, Plaintiff's application requests an injunction requiring Hasbro to "account to and pay" royalties to Plaintiff "as provided in the JEM Agreement" discussed above.  Because Plaintiff's substantive claims relating to these issues have been dismissed, this Court does not have jurisdiction to enter injunctions against either defendant.  Because certain aspects of Plaintiff's applications relate to more recent activities (which were not part of Plaintiff's allegations in the SAC), such as Hasbro's 2014-16 accounting of Plaintiff's royalties, the Court's denial of Plaintiff's applications for orders to show cause is without prejudice to separate litigation regarding those issues in an appropriate forum.

C<small>ONCLUSION</small>

For the foregoing reasons, the motions to dismiss by BMI and Hasbro are granted in their entirety, and the SAC is dismissed as against these two defendants, and is further dismissed as against Dobishinski <u>sua</u> <u>sponte</u>. Because Plaintiff was previously given leave to replead, these dismissals are with prejudice. Plaintiff's motion for reconsideration of the Court's denial of her applications for orders to show cause is denied.

This Memorandum Opinion and Order resolves docket entry nos. 67 and 87. The Clerk of Court is requested to enter judgment for Defendants and close this case.

SO ORDERED.

Dated: New York, New York
       March 15, 2017

                                                    /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge

Copy mailed to:
       Anne Bryant, <u>pro</u> <u>se</u>
       2601 Jefferson Circle
       Sarasota, FL 34239